UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DENNIS CARTER

    Plaintiff,       Case No. 26-cv-11999
                Hon. Matthew F. Leitman
v.

J. CHRISTIANSEN, *et al.*,

    Defendants.

_____/

## <u>ORDER OF PARTIAL DISMISSAL</u>

Plaintiff Dennis Carter is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). He is currently confined at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan. On June 16, 2026, Carter filed this *pro se* civil-rights action under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) He sues the following MDOC employees: Warden J. Christiansen and Corrections Officers Caldwell, Davis, and Valory. He sues the Defendants in their individual and official capacities, and he seeks prospective injunctive relief, monetary damages, and other appropriate relief. (*See id.*)

Having reviewed Carter's Complaint, and for the reasons explained below, the Court **DISMISSES** Carter's claims against Defendants Christiansen and Valory pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief

1

may be granted under 42 U.S.C. § 1983.  The Court also dismisses Carter's state-law claims and dismisses Carter's claims for monetary damages against the Defendants in their official capacities.  The Court will allow Carter's claims that Defendants Caldwell and Davis violated his rights under the First and Eighth Amendments to proceed at this time.

## I

On July 13, 2026, the Court granted Carter permission to proceed *in forma pauperis*. (See Order, ECF No. 5.)  Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint in whole or in part before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997(e)(c).  A *pro se* civil-rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  This rule gives "the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice-pleading

standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was intentionally deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020).

## II

Carter's claims arise from his transfer from the Chippewa Correctional Facility to SLF on May 5, 2026. According to the Complaint, Defendant Valory placed Carter in leg irons and plastic ankle zip ties before transport. (*See* Compl., ECF No. 1, PageID.7.)  Although the leg irons were removed when Carter arrived at SLF, Carter alleges that the ankle zip ties remained in place for an extended period. (*See id.*, PageID.7-8.)

Carter says that upon his arrival at SLF, Defendant Caldwell conducted a strip search while allegedly leaving his body camera recording in violation of MDOC policy. (*See id.*, PageID.7.)  Carter alleges that the recording caused him severe

3

emotional distress and amounted to sexual harassment. (*See id.*, PageID.7-8.)  Carter says that Caldwell also failed to remove his (Carter's) zip ties. (*See id.*)

Carter prepared a grievance regarding the strip search and Caldwell's failure to remove the zip ties and a request for preservation of the camera footage, both of which he submitted to Defendant Davis. (*See id.*) Carter also told Davis that the ankle zip ties had not been removed, but Davis refused to remove them. (*See id.*) Carter remained in the zip ties for more than 24 hours despite complaining that they were causing him pain.  He claims that the prolonged restraint resulted in nerve damage and mental and physical distress.  (*See id.*, PageID.7-8.)

Based on these factual allegations, Carter claims that Defendants violated the Eighth Amendment.  Carter also asserts that Defendants delayed removing the zip ties in retaliation for his submitting a grievance in violation of the First Amendment. (*See id.*) Carter seeks monetary and prospective injunctive relief.

### III

### A

The Court begins with Carter's claims against Warden Christiansen.  Those claims must be dismissed because Carter has failed to allege any facts demonstrating Christiansen's personal involvement in the improper conduct alleged in the Complaint.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (holding that Section 1983 liability cannot be based upon a theory of *respondeat*

4

*superior* or vicarious liability); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To establish a supervisory official's liability under Section 1983, "'at a minimum,' the plaintiff must show that the defendant 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 299 (6th Cir. 1999)).

Because Carter does not allege that Defendant Christiansen was personally involved in, or responsible for, the alleged violations of his federal rights, the Court will dismiss the claims against Christiansen.

Likewise, Carter's factual allegations against Valory are insufficient to state a claim. Carter states that Valory placed the zip ties on him before transport, but the Complaint concerns the failure to *remove* the restraints after Carter arrived at SLF. The Complaint includes no allegations that Valory was involved in or responsible for the zip ties remaining after Carter's arrival. Accordingly, because Carter fails to allege Valory's specific involvement in the prolonged use of the zip ties, the Court will dismiss the claims against Valory from the Complaint.

5

**B**

In the "Basis for Jurisdiction" section of the Complaint, Carter states that in addition to alleged constitutional violations, he asserts "state law claims." (Compl., ECF No. 1, PageID.4.) He also claims that the pain and injury caused by the zip ties "involves state law claims..." (*Id* at PageID.7.)

The Court need not engage in a substantive analysis of Carter's state-law claims because the Complaint neither identifies the cause(s) of action that he intends to assert under state law nor alleges facts in support of any state-law claims. Although federal courts may exercise supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367, a plaintiff must still plead sufficient factual matter to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Carter's conclusory reference to state-law claims is insufficient to satisfy that standard. Accordingly, the Court dismisses Carter's state-law claims.

**C**

Finally, Carter's claims for monetary damages against the Defendants in their official capacities will be dismissed because the Eleventh Amendment "bars suits for monetary relief against state officials sued in their official capacity." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

## IV

For the reasons explained above, the Court concludes that Carter has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims against Defendants Christiansen and Valory. Accordingly, Defendants Christiansen and Valory are **DISMISSED**. Carter's state-law claims are not pleaded with sufficient particularity to survive initial screening and are **DISMISSED**. Finally, Carter's claims for monetary damages against the Defendants in their official capacities are **DISMISSED**.

Carter's First and Eighth Amendment claims against Defendants Caldwell and Davis survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. Nothing in this order precludes those Defendants from filing a motion to dismiss those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 21, 2026

7

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 21, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

8